HANRAHAN *v.* HANRAHAN.

DIVORCE—ALIMONY—HOMESTEAD.

Six hundred dollars in cash and a homestead worth $2,100, held by the entireties, with the household furniture, was sufficient to allow to complainant who had not aided in accumulating any of her husband's property, which in the aggregate was not worth more than $5,675.

Appeal from Ottawa; Padgham, J. Submitted January 10, 1912. (Docket No. 30.) Decided May 3, 1912.

Bill by Marjorie Hanrahan against William A. Hanrahan for divorce. From a decree from complainant, defendant appeals. Modified and affirmed.

*Lillie & Osterhous,* for appellant.

*George A. Farr,* for appellee.

BLAIR, J. Complainant filed her bill for a divorce upon the ground of extreme cruelty, alleging specific acts of personal violence, and the use of degrading, indecent, and bitter language. Defendant filed his answer, denying the material allegations of the bill of complaint, and claiming the benefit of a cross-bill, praying for a divorce on the ground of extreme cruelty. The circuit judge filed a finding of facts in accordance with complainant's bill, and a decree was entered granting a divorce to complainant, and awarding her as alimony the homestead and the furniture and contents thereof and $1,200 in money. Defendant appeals to this court.

There can be no doubt upon this record that, if the testimony of the complainant and her mother is accepted as reliable, she established her case. The circuit judge, who had superior advantages for determining the credibility of the witnesses, accepted the testimony of complainant and her mother as substantially true after, as he said, "a

very thorough examination of the proofs." A similar examination, having regard to the perilous condition of complainant's health, has brought us to the same conclusion. It would serve no useful purpose to discuss the testimony upon which we ground our conclusion, and we therefore content ourselves with the announcement of the result thereof.

We are of the opinion, however, that the allowance of alimony was excessive. The court made the following finding as to defendant's property:

"Three thousand five hundred dollars cash in the bank, $1,000 of bank stock, interest in a lot to the amount of $250, and $\frac{1}{3}$ interest in three lots to the amount of $175 and undivided $\frac{1}{2}$ interest in the homestead, $750, or the title standing in their joint names. Making a total value of his property $5,675, the title of the homestead being held by the entireties would give her an interest of $750 in that, leaving out of account the $750 which defendant would have in the homestead, would leave his property as given by him on the stand as the sum of $4,925. I am inclined to allow complainant as permanent alimony the full fee of the homestead, and all the household furniture, together with the sum of $1,200 in cash, and defendant to pay the taxed costs of this suit including a solicitor's fee of $30."

The homestead property was purchased and paid for by defendant, but the deed made to him and his wife as tenants by entireties. The only testimony we have discovered as to its value is the statement of the consideration in the deed as $2,100. We find no testimony as to the aggregate value of the household furniture. The complainant brought no property to the defendant. She did not assist in accumulating any of it. She was unable to take care of the ordinary housework, and was unable to cohabit with defendant. Under the circumstances, we think the award of $1,200 in money should be reduced to $600.

Except as modified in regard to the money allowance, the decree is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.